**Ex parte Ralph RODRIGUEZ, Jr.**

**No. 18055.**

Court of Civil Appeals of Texas, Fort Worth.

June 8, 1978.

Anderson, Martin, Rodriguez & Anderson and Rosendo Rodriguez, Jr., Wichita Falls, for appellant.

Gene Douglass, Wichita Falls, for appellee.

OPINION

SPURLOCK, Justice.

This is an original habeas corpus proceeding pursuant to Tex.Rev.Civ.Stat.Ann. art. 1824a (Supp.1978). Pending oral argument upon the merits, this court ordered Ralph Rodriguez, Jr. (relator) released from jail upon the posting of a $2500 bond.

The background information is relatively simple. We shall refer to the main parties as husband and wife. Wife filed suit against her husband. By her petition for divorce, wife also sought a temporary restraining order against her husband; wife's affidavit attached to her petition seeking the T.R.O. was based upon "information and belief". Said T.R.O. was issued and husband was ordered to appear on April 27, 1978, to show cause why said T.R.O. should not be made a temporary injunction. On April 20, 1978, husband was served with the T.R.O. and show cause order. On April 27, 1978, the attorneys for husband and wife agreed to a temporary injunction enjoining husband and wife respectively from committing certain acts against each other. These "agreed orders" were actually signed by the trial court on May 4, 1978. On May 4, 1978 wife filed a motion for contempt of the court's order "of April 27th"; husband was served that same day and was ordered to appear on May 15, 1978 to show cause why he should not be held in contempt.

Husband and wife both appeared with legal counsel at the scheduled contempt hearing. Husband's attorney made strenuous objections asserting the husband's fifth amendment right against self-incrimination; however, opposing counsel called the husband to the witness stand and the trial court said: "Well, let's put him on the stand and then you can ask him the question." At the conclusion of the hearing, the trial court found the husband in contempt of court and (1) fined him $100.00; (2) taxed court costs in the amount of $25.00 against him; (3) ordered him to pay an attorney's fee in the amount of $150.00 to opposing counsel; (4) ordered him confined in jail for 30 days, and (5) ordered him to remain in jail until he paid the fine, court costs, and attorneys fees. After the husband was imprisoned, husband's attorney initiated this writ of habeas corpus proceeding in this court.

Husband asserts that he should be released because the contempt order is void in that a contemnor can not be held in contempt for acts committed prior to the issuance of the order alleged to have been violated.

Wife's motion for contempt recites that husband has violated the court's order of April 27, 1978. In her motion, wife alleges:

"Respondent harasses Petitioner by repeatedly going to her place of employment, her residence, by constant telephone calls, and general harassment of a kind that would cause fear, embarrassment, and humiliation to Petitioner, INCLUDING the act of aggravated kidnapping of wife at gun point."

The statement of facts clearly indicates that the "kidnapping" incident occurred on April 26, 1978. At the conclusion of the contempt hearing, the trial court said:

"I find that his violation was on April the 26th in regard to kidnapping. . . ."

In examining the transcript closely, we note that the temporary injunction that husband is charged with violating was signed on May 4, 1978. By the terms of the court's order, the temporary injunction was to be "effective immediately." We can only interpret this to mean that the court's temporary injunction was designed only to take effect on May 4, 1978. Thus, it is clear that husband was jailed for contempt for an incident that occurred prior to the effective date of the order he was charged with violating.

■ Contempt arising from the violation of a court order is a constructive contempt. 12 Tex.Jur.2d *Contempt* § 12 (1960) In a constructive contempt situation, we hold that a person can not be held in contempt for having violated a court order for acts allegedly committed prior to the entry of that order.

Husband next asserts that the court's temporary restraining order of April 19, 1978, is void because the affidavit forming the basis of its issuance is sworn to on "information and belief", which is insufficient under Tex.R.Civ.P. 682.

■ Temporary restraining orders are issued *ex parte* without an opportunity for the opposing party or his legal counsel to be present or heard. A temporary restraining order is a "writ of injunction" within the meaning of Tex.R.Civ.P. 682. *Ex Parte Coffee*, 160 Tex. 224, 328 S.W.2d 283, 290 (1959).

Tex.R.Civ.P. 682 provides:

"No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief."

■ Under the rule cited above, affidavits which are based upon "information and belief" are insufficient. *Durrett v. Boger*, 234 S.W.2d 898 (Tex.Civ.App.—Texarkana 1950, no writ).

The test for the sufficiency of an affidavit is set forth in 2 Tex.Jur.2d *Affidavits* § 22 at 415 (1959):

"The facts must be set forth in such a manner that if they are falsely sworn to, the affiant may be prosecuted and convicted of perjury; this is the general test applied to determine the sufficiency of an affidavit."

The necessity for a proper affidavit is particularly important where the affiant is seeking a temporary restraining order, which (if issued) will curtail a person's freedom to engage in certain conduct. Hopefully, the prospect of a perjury prosecution for false swearing will prevent abuses in the issuance of T.R.O.'s.

■ Because of the defective affidavit, the T.R.O. "issued" on April 19, 1978, was void from its attempted issuance. Husband's attorney brought the matter to the attention of the trial court during the contempt hearing. Wife's attorney attempted to cure the fatal defect at the contempt

hearing by having his client swear that the allegations were true and correct. Upon the authority of *Wortham Independent School Dist. v. State*, 244 S.W.2d 838 (Tex. Civ.App.—Waco 1951, writ ref'd n. r. e.), wife's attorney apparently contends that he had thus cured the defect so that the "cure" related back to the time of the issuance of the T.R.O. We do not read the *Wortham* case so broadly. In the case at bar, the attempted "cure" was undertaken at the contempt hearing after the allegedly contemptuous conduct had transpired. Since the T.R.O. was void from the time of its inception, the "cure" would (at most) only make the T.R.O. effective for a period of ten days from the time of the "cure". We hold that husband was not under any valid court order at the time of the alleged events on April 26, 1978, at Little Mexico Restaurant.

Husband next contends that the order sustaining the motion for contempt and the commitment order pursuant thereto are void because the trial court forced him to take the witness stand, be sworn and forced to testify against himself, despite his lawyer's assertions of his fifth amendment right against self-incrimination.

At the contempt hearing, husband's attorney strenuously asserted his client's right against self-incrimination; however, the trial court overruled these objections and put the husband on the witness stand to testify. As the questioning proceeded, husband's attorney continued to object, whereupon the trial court said:

"If he doesn't answer, of course, then I have no choice but to hold him in contempt if he doesn't explain it, if he doesn't have a good explanation. It's his own doing, but go ahead."

■ Contempt proceedings are criminal in nature, and this is true regardless of whether they arise out of criminal or civil actions. *Ex parte Cox*, 133 Tex. 152, 127 S.W.2d 443 (Tex.Comm'n App. 1939, opinion adopted).

The cases of *Ex parte Werblud*, 536 S.W.2d 542 (Tex.1976) and *Ex parte String-*

er, 546 S.W.2d 837 (Tex.Civ.App.—Houston (1st Dist.) 1976, no writ) are controlling. We hold that husband's attorney properly asserted his client's right against self-incrimination. Further, husband should not have been sworn and compelled to testify at all.

The husband (relator) is discharged from custody, and he is not liable for the fine, court costs, or opposing counsel's attorney's fees imposed by the trial court.