**Ex parte Clyde Sherald HARRIS, Relator.**

**No. 18199.**

Court of Civil Appeals of Texas, Fort Worth.

May 10, 1979.

James F. Newth, Dallas, for relator.

Carl McCurley, Irving, for Dortha Janann Harris.

## OPINION

MASSEY, Chief Justice.

Clyde Sherald Harris, petitioning contemnor, seeks to obtain a writ of habeas corpus from this court following incarceration by order of a district court in Denton County, Texas, because of his failure to pay child support as required by a divorce decree.

The sole reason for our judgment and order will be hereinafter written upon, but it is to be recognized that it is unrelated to the guilt or innocence of contemnor relator. In this instance only the legality of detention is relevant. Consequently, our action discharging him from custody under the order of the district court is without prejudice to the right of that court to try the issue of contempt in a proceeding conducted in accordance with law. *Gilbert v. State*, 437 S.W.2d 444, 445 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n. r. e.); *Ex parte Stringer*, 546 S.W.2d 837, 840 (Tex. Civ.App.—Houston [1st Dist.] 1976, no writ); *Ex parte Hosken*, 480 S.W.2d 18 (Tex.Civ.App.—Beaumont 1952, no writ).

At the trial court hearing the contemnor appeared without counsel and announced ready. Dortha Janann Harris, his former wife, was present and ready for trial. It was upon her complaint petition the hearing had been scheduled. She was represented by counsel. She was sworn as a witness.

At this point in the conduct of proceedings the court addressed Mr. Harris, as follows:

"THE COURT: Now, the way we handle. things in the court—you have indicated you are not an attorney—is that first the Petitioner or Movant in the case, which is Mrs. Harris, will put on their side of the testimony. They can call any witnesses and put any evidence on they want *and including calling you as an adverse party witness; do you understand that*? (Emphasis Supplied.)

"MR. HARRIS: Yes, sir."

The hearing proceeded, including proof of there having been a divorce of Clyde Sherald Harris and Dortha Janann Harris, all pursuant to the process of direct examination of the latter. By this a case of contempt was made out. Interestingly, contemnor, present and participating but not asking any question on cross-examination, was never identified as the former husband of Janann Harris, who was alleged to be in contempt of the divorce judgment.

In other words a case for contempt was made out against a person named Clyde Sherald Harris who had been the former husband of the witness, but contemnor, present and participating as Clyde Sherald Harris, was not identified by Mrs. Harris as the person who had been her former husband.

■ At this stage of the proceedings there was not a case made against contemnor; he was not identified as the proper person. The situation posed presents a legal technicality where operation of the law to the benefit of one accused of crime oftentimes enrages the general public. The proceedings were quasi-criminal in their nature in that Harris was exposed to deprivation of his liberty in the event he be found guilty as charged. Contemnor petitioner, subjected to the hazard of being deprived of his liberty, must be deemed possessed of all the rights and privileges of one accused of crime. One is that against self-incrimination.

■ Contemnor was thereafter sworn as a witness upon being called to the stand to testify by the attorney for Dortha Janann Harris. He did not object to being called and required to testify. He proceeded, by his response to questions asked by the attorney representing Dortha Janann Harris, to identify himself as the person who was in arrears on payments of child support required by the judgment in the divorce case. Had he objected to the procedure and been overruled and required to be sworn as a witness or to testify, there is no doubt that he would be entitled to habeas corpus relief in the appellate courts in the event he was imprisoned by order of the trial court. *Ex parte Werblud,* 536 S.W.2d 542, 547 (Tex. 1976); *Ex parte Rodriguez,* 568 S.W.2d 894 (Tex.Civ.App.—Fort Worth 1978, no writ); *Ex parte Stringer,* 546 S.W.2d 837 (Tex.Civ. App.—Houston [1st Dist.] 1976, no writ).

■ Contemnor did not object to the procedure. Earlier, by language of the court hereinabove set out, he had been instructed that his former wife could call him as an adverse witness. Should he be accorded the rights of one who has objected and had his objection overruled?

We deem the situation posed to be no different from that which would have obtained had the instruction by the court occurred upon contemnor being called as an adverse witness at the time he was actually called, and where he had at that time made objection to such procedure, i. e., to being sworn as a witness and/or being required to testify. Thus our appropriate action would be ruled by the law applicable in *Werblud, Rodriguez,* and *Stringer.*

Had the instruction occurred at the usual time there is no doubt that it would have constituted a ruling of the court, which by good order and discipline to be accorded in the conduct of judicial proceedings contemnor would have been obliged to obey. Though the instruction, in our view not to be distinguished from a ruling by the court· upon objection made, occurred "out of time" it nevertheless occurred after all litigants had announced ready for trial.

Clyde Sherald Harris is ordered discharged from custody under the order of

commitment dated March 22, 1979, in Cause No. 76–580–C, styled: In the Matter of the Marriage of Clyde Sherald Harris and Dortha Janann Harris and in the Interest of Clyde Sherald Harris, Jr., Robert Todd Harris, and Clint Wayne Harris, Children, in the District Court of Denton County, Texas, 211th Judicial District. Furthermore, he is relieved of any obligation to pay the costs of the contempt proceedings of March 22, 1979, pursuant to which he was incarcerated, and to pay the attorney's fees for Dortha Janann Harris' counsel imposed by the trial court in its order of the same date.