**Ex Parte William Fred ROPER.**

No. 18298.

Court of Civil Appeals of Texas,
Fort Worth.

Dec. 27, 1979.

L. A. Nelson, Denton, for appellant.

Dan Trammell, Denton, for appellee.

OPINION

MASSEY, Chief Justice.

This is an original habeas corpus proceeding brought in this court pursuant to the authority of Tex.Rev.Civ.Stat.Ann. art. 1824a (Supp.1978–79) "(Courts of Civil Appeals) May issue writs of habeas corpus". William Fred Roper seeks release from the custody of the Sheriff of Denton County, Texas assumed pursuant to direction of order of the District Court of Denton County in a divorce case. We ordered the said relator released on bond pending the determination of the proceedings.

December 13, 1974 was date of divorce of the relator from Dolores Lavonn Roper. In the decree the court awarded Mrs. Roper "House and property located in Stephens

County, Oklahoma, being the S.E. ¼ of Section 36, Township 2 South, Range 8 West containing 160 acres". Among the orders incorporated in the judgment was the following: "IT IS FURTHER ORDERED that each of the parties execute and transfer the necessary papers for the transfer of the house, automobiles and any other property described above."

December 22, 1974, respondent executed a deed, in form of a quit-claim deed, in conveyance to his former wife his interest in and to the Oklahoma property, but in the body thereof and immediately following the description of the property quit-claimed, was the following: "SAVE AND EXCEPT one-half (½) of all oil, gas and other mineral interest." It developed that one-half (½) of the oil, gas and other mineral interest under the property was all that relator had ever possessed from the time the property had been originally acquired.

In 1979 the former Mrs. Roper, now Mrs. Turner, found that the reservation or exception relator had made of the mineral interest in the quit-claim deed was hampering her conveyance of property interests. She sought action of the relator in executing additional instruments of conveyance or release which would eliminate the question of whether relator still had a claim of an interest in the minerals. (Relator claimed that he had delivered any mineral interest possessed in the subject property because any attempted reservation of that character of interest would be void and of no effect because it was released by his quit-claim deed).

Mrs. Roper, now Mrs. Turner, had relator cited for contempt. The court set her motion for hearing and it came on to be heard on November 7, 1979. The recitation of the "Judgment for Contempt", signed November 8, 1979 contained language as follows:

"Respondent, WILLIAM FRED ROPER, is in contempt of court for failing and refusing to execute a correction deed in accordance with this Court's lawful order, being the parties' Decree of Divorce . . ., and the Court finds that Respondent should be confined in the Denton County Jail for his contempt of court until such time as he shall purge himself of contempt by executing said correction deed, and that Respondent should be allowed ten (10) days from the date of this contempt order to execute the same prior to his incarceration for contempt, . . ."

"DECREED . . . that Respondent WILLIAM FRED ROPER, be and he is hereby found in contempt of court for his failure to execute a correction deed concerning that house and property located in Stephens County, Oklahoma, being . . . (described as in the earlier divorce decree) . . . ."

In the contempt judgment it was further ordered that respondent execute correction deed, failing which event by 12:00 o'clock midnight on the tenth day after the signing of which respondent should be taken into custody by the sheriff and incarcerated until he should purge himself of contempt by the execution of the correction deed and the payment of $300.00 as attorney's fees and $33.00 as court costs.

At the end of the time prescribed the respondent was taken into custody and incarcerated by the sheriff; with the petition for writ of habeas corpus, admitted by this court, presented for our action.

■ The delay of ten (10) days in the time for the respondent's incarceration has concerned us. We have concluded that there was in this case nothing wrong in the provision for such delay by the order of the trial court. It in no way prejudiced respondent and afforded him a period of time at liberty in which to purge himself of contempt in advance of the time prescribed for his incarceration so that, in the event he did so, he could show the fact to the court in order that there might be a vacation of the previous order.

■ Nevertheless we have concluded error in the action of the court in the conduct of proceedings pursuant to which relator was found in contempt. Such error was the placement of relator on the stand, despite his objection to such done, as the very first witness tendered by petitioner.

In an analogous contempt case this court has already decided that it was improper to

swear a respondent as a witness and compel him to testify. *Ex Parte Rodriguez*, 568 S.W.2d 894 (Tex.Civ.App.—Fort Worth 1978, no writ), citing cases. Certainly to compel the instant respondent to be sworn and to testify would be reversible error should any part of his testimony be detrimental to him and where he thereafter is held to be in contempt pursuant to the proceedings. *Ex Parte Harris*, 581 S.W.2d 545 (Tex.Civ.App.—Fort Worth 1979, no writ). That is substantially what occurred in the instant case, with the result that our appropriate action would be by the law applicable in *Rodriguez, supra; Ex Parte Werblud*, 536 S.W.2d 542, 547 (Tex.1976); and *Ex Parte Stringer*, 546 S.W.2d 837 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ).

William Fred Roper is ordered discharged from custody under the order of commitment dated November 27, 1979, in Cause No. 74–1604–B, styled In the Matter of the Marriage of Dolores Lavonn Roper and William Fred Roper, in the District Court of Denton County, Texas, 158th Judicial District. Furthermore, he is relieved of any obligation to pay the costs of the contempt proceedings of November 7, 1979, pursuant to which he was incarcerated, or to pay the attorney's fees for Dolores Lavonn Roper Turner's counsel.