**In re James Henry HILL.**

**No. 20719.**

Court of Civil Appeals of Texas, Dallas.

Dec. 9, 1980.

Richard Abernathy, Abernathy & Roeder, McKinney, for appellant.

Nick Warden, Warden, Aston & Vitz, McKinney, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

AKIN, Justice.

In this writ of habeas corpus proceeding, relator contends that the order finding him in contempt is void because an award of property in a divorce decree is not an order to pay and because the divorce decree upon which the commitment order is predicated fails to state when, where and to whom payments are to be made. We agree with both contentions and hold that the commitment order is void because the commitment order violates due process. Accordingly, relator is discharged.

Relator and petitioner were divorced February 14, 1978. The divorce decree awarded one-half of relator's retirement benefits to petitioner, but did not specify the time of payments nor where nor to whom the payments were to be made. Indeed, the judgment does not even order relator to pay any sum to petitioner. In September and October of 1980, petitioner alleged in her motion for contempt that relator failed to pay her one-half of his retirement benefits. Upon hearing the trial judge found relator in contempt for violating the divorce decree by not paying one-half of his retirement benefits to petitioner in September of 1980. Accordingly, the trial judge ordered him confined to jail for twenty-four hours and thereafter until he paid one-half of his retirement benefits due and owing for September of 1980. We granted bail pending hearing.

With respect to relator's contentions, we hold that the order holding relator in contempt is void because it violates due process of law in that the divorce decree is merely an award of property rather than a specific order to pay. Because a contempt hearing is quasi-criminal in nature in that it may result in deprivation of a person's liberty, to afford the contemner due process of law, the decree must set forth with specificity the act which the contemner must perform so as to avoid the penalty of contempt. *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967). Here, the decree of divorce merely awards petitioner one-half of relator's retirement benefits. It does not order relator to pay these benefits to petitioner. Even if it did so order payment, it would still not conform to the requirements of due process because it does not specify in detail where, when, and to whom the payments are to be made. Compare *Ex parte Filemyr*, 509 S.W.2d 731 (Tex.Civ.App.—Austin 1974, no writ) (holding contempt order void), with *Ex parte Anderson*, 541 S.W.2d 286 (Tex.Civ.App.—San Antonio 1976, no writ) (holding contempt order not void). The decree of divorce here states: "Respondent is awarded: 2. One-half (½) interest in and to petitioner's retirement benefits. Such benefits to be payable to Respondent in the same manner as such benefits are payable to Petitioner ...." Clearly, this is not a specific order to pay enforceable by contempt, but rather is merely a division of community property. Accordingly, the order holding relator in contempt is void because it vio-

lates due process. Thus relator is discharged.