Ex parte Scott TANKERSLEY,
Appellant.

No. 2–83–044–CV.

Court of Appeals of Texas,
Fort Worth.

April 28, 1983.

Marion L. Massey & Associates, P.C. and Lawrence S. DeVos, Fort Worth, for appellants.

James M. Hurst, Arlington, for appellees.

Before HUGHES, JORDAN and BURDOCK, JJ.

OPINION

PER CURIAM.

On February 22, 1983, Debra Banks Tankersley Smith filed a motion for contempt against her former husband, Scott Tankersley, relator, alleging that he failed to pay child support payments. The matter was heard before the 233rd Judicial District Court on March 18, 1983 where both parties appeared in person and through their attorney. Mrs. Smith called Mr. Tankersley as an adverse witness to require him to testify that he was the person who failed to timely make child support payments, to-wit: $450.00 on January 1, 1983 and $450.00 on February 1, 1983. The trial court found Mr. Tankersley in contempt of court and ordered him to be confined in the Tarrant County Jail.

Mr. Tankersley filed a petition for writ of habeas corpus seeking release from confinement in the Tarrant County Jail.

Mr. Tankersley alleges that it was by improper and illegal means that the movant established a case to sustain her motion for contempt because she called and induced testimony from Mr. Tankersley, as an adverse witness, to testify to the facts of his not having made child support payments ordered by the trial court. Mr. Tankersley complains that his privilege against self-incrimination was violated.

This is a case of criminal contempt where a person was being punished for disobeying the trial court's order to make child support payments. Such payments were tendered to the movant and accepted by her in open court before the punishment was assessed.

The trial court hearing not only involved contempt, but, by agreement of the parties, also involved a motion to modify child support and visitation filed by Mr. Tankersley. All the witnesses in the case including Mr. Tankersley were sworn as a group at the beginning of the hearing. No objection was made by Mr. Tankersley or his attorney to Tankersley's being sworn nor to his being questioned about his nonpayment of child support.

This differs from *Ex parte Harris,* 581 S.W.2d 545 (Tex.Civ.App.—Fort Worth 1979, no writ), where the contemnor had no lawyer to advise him of his rights and where the trial court told him the adverse party could call him as an adverse witness. Tankersley had his lawyer present; neither voiced an objection to his testifying to facts he had already admitted by tendering the arrearage into the court. In fact, it was paid by Tankersley's lawyer to the complaining ex-wife in open court.

In the other cases cited by the appellee, the contemnor was represented by counsel, all of whom objected to their clients being made to testify. *Ex parte Werblud,* 536 S.W.2d 542 (Tex.1976). *Ex parte Roper,* 592 S.W.2d 433 (Tex.Civ.App.—Fort Worth 1979, no writ); *Ex parte Stringer,* 546 S.W.2d 837 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Ex parte Rodriguez,* 568 S.W.2d 894 (Tex.Civ.App.—Fort Worth 1978, no writ). In those cases, the trial courts erred in requiring their testimony over the claim of privilege against self-incrimination.

In this case, neither Tankersley nor his attorney claimed the privilege against self-incrimination. Such privilege is not self-executing and must be invoked in a timely fashion. Indeed, it " 'must be deemed waived if not in some manner fairly brought to the attention of the tribunal which must pass upon it.' " *Roberts v. United States,* 445 U.S. 552, 560, 100 S.Ct. 1358, 1364, 63 L.Ed.2d 622 (1980).

We affirm the judgment of the trial court and deny the application of the relator to be released from the onus thereof.