**Ex parte Jack Eugene BURROUGHS.**

**No. A14–84–843CV.**

Court of Appeals of Texas, Houston (14th Dist).

Feb. 14, 1985.

L.T. Bradt, Houston, for appellant.

Thomas R. Conner, Steven P. Lindamood, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

On December 18, 1984, Judge Robert Webb of the 312th Judicial District Court of Harris County held Relator, Jack Eugene Burroughs, guilty of contempt of court for willfully disobeying the court's order of October 19, 1984, by failing and refusing to make temporary child support and alimony payments as ordered and for failure to produce copies of the medical and health policies, insuring his wife Candice Burroughs and minor child, to her attorney on or before October 23, 1984. Relator was sentenced to twenty days in the Harris

County Jail with the provision that the Relator could purge himself of the contempt by paying the amount in arrears, found by the court to be $3,400, plus court costs and attorney's fees in the amount of $2,000. Relator was released from jail on bond pending final determination of this case. Relator raises three points of error. We do not agree with Relator's points of error and deny the writ of habeas corpus.

In Relator's first point of error he claims that the trial court erred in compelling him to give testimony against himself over his Fifth Amendment objections. The second point of error alleges that the commitment order was fatally defective in that it does not contain a specific finding of the manner in which Relator has violated the prior order and is insufficient to support a contempt decree. The last point of error asserts that the notice given to Relator is at variance with the motion for contempt, thereby denying Relator due process of law.

On October 19, 1984, the trial court entered a second amended temporary order. Among other things, the court ordered that Relator pay child support of $1,400 on October 20, 1984, and a like amount on the fifth and twentieth day of each month thereafter until further order of the court. Additionally the court required that Relator pay $2,500, on or before October 22, 1984, as temporary support for his wife. The court also ordered that Relator produce all medical and health insurance policies, insuring his wife and the minor child, to his wife's attorney on or before October 23, 1984. On November 1, 1984, Relator's wife filed a motion for contempt alleging that Relator had willfully disobeyed the court's order. In that motion his wife claimed Relator had failed to pay the sum of $2,500 on or before October 22, 1984. Additionally his wife alleged that Relator would further be in arrears for child support payments due on November 5, 1984, in the amount of $1,400. Lastly, Respondent alleged that Relator had failed to produce all medical and health insurance policies as required in the court's amended orders.

On November 26, 1984, Judge Webb signed an order setting a show cause hearing. The order stated that the purpose of the hearing was to determine whether Relator should be held in contempt for disobedience of the court's order of October 19, 1984. The court ordered Relator to show cause why he had willfully failed to pay $2,500 to his wife on October 22, 1984, and $1,400 for child support on November 5, 1984, November 15, 1984, and December 5, 1984. The court also ordered that Relator show cause why he failed to furnish his wife's attorney with proof of all medical and health insurance policies by October 23, 1984.

A hearing was held on December 13, 1984. The record shows that at the beginning of the hearing an oral stipulation was presented to the court. In the stipulation Relator agreed that he was in contempt of the court's order of October 19, 1984, for failure to pay the child support and temporary alimony payments as ordered, and the arrearage was $3,400. The stipulation also stated that Relator was in contempt for failure to produce the insurance policies as required by the court's order. Relator did not stipulate to the willfulness of the contempt.

His wife called Relator as her first witness. Her attorney first asked Relator his name. Relator pled the Fifth Amendment. The court required him to answer the question. Relator also pled the Fifth Amendment to a question concerning his employment and office location. The court again required an answer. The hearing was then recessed until December 18, 1984. When the hearing resumed, his wife did not recall Relator to the stand. Relator's bookkeeper, his financial manager, and his wife testified at the hearing.

At the conclusion of the hearing, the court found that Jack Eugene Burroughs was guilty of willful contempt of the court order of October 19, 1984. The court granted the motion for contempt and sentenced Relator to 20 days in Harris County Jail. The court's commitment order stated that Relator could purge himself of the

contempt order by paying $3,400, the amount in arrearage, plus court costs and attorney's fees in the amount of $2,000.

We do not agree that the trial court erred in compelling Relator to give testimony against himself over his Fifth Amendment objections. Relator argues that since habeas corpus proceedings are criminal in nature he should not have been called to the stand and compelled to answer questions over his timely Fifth Amendment objections. Relator's Fifth Amendment privilege against self-incrimination was not violated. In *Ex parte Snow*, 677 S.W.2d 147 (Tex.App.—Houston [1st Dist.] 1984, no writ), the Respondent-wife testified extensively on child support arrearages and specifically testified as to what payments were made, when, and in what amount. The court held in that case that "[e]vidence that child support payments are in arrears is prima facie proof of contempt.... Relator's (husband's) contempt was proven before he took the stand, and any error in compelling him to testify is harmless." Since Relator in our case stipulated to the arrearage, he created prima facie proof of his contempt. Relator's wife had the burden to establish a prima facie case, which she did. Involuntary inability is a defensive matter on which Relator had the burden of proof. *Ex parte Padfield*, 154 Tex. 253, 276 S.W.2d 247 (1955). Relator has failed to meet his burden of proof.

Further, we hold the testimony that Relator gave was not incriminating. He testified to his name, profession, and office location. In oral argument, Relator's attorney claimed that such information was incriminating because it identified him. However, the stipulation also identified him. The wife and trial judge also could have identified Relator. Clearly point of error number one has no merit.

In his second point of error, Relator contends that the commitment order is fatally defective in that it does not contain a specific finding of the manner in which Relator had violated the prior support order and is insufficient to support a contempt decree. In his stipulation Relator agreed that he was in contempt of the court's order for failure to pay the sum of $3,400 from October 20, 1984, to December 18, 1984. Relator is now asking this court to ignore the stipulations made in open court, entered of record, and properly recited in the commitment order. Rule 11 of the Texas Rules of Civil Procedure provides that no agreement between attorneys or parties touching any suit pending will be enforced unless the agreement is in writing, signed, and filed with the papers as part of the record, or unless it is made in open court and entered of record. In *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), the Supreme Court held that the requirements of Rule 11 were met when the agreement was reflected in the judgment. Therefore, we do not agree that the commitment order is insufficient to support a contempt decree. Relator's second point of error is overruled.

In Relator's third and final point of error he contends that the Relator was denied due process of law because the notice given to Relator is at variance with the motion for contempt. By his last point of error Relator is again attempting to circumvent the stipulations made in open court. In *Bigfoot Independent School District v. Genard*, 116 S.W.2d 804 (Tex. Civ.App.—San Antonio 1938), *aff'd*, 133 Tex. 368, 129 S.W.2d 1213 (1939), the court dealt with the same situation. In *Bigfoot* the court held that where a petition did not contain a factual allegation, but was later adduced at trial and agreed to by both parties, it had the same effect as if it had been expressly alleged in the petition. Relator agreed to the stipulation entered into, therefore Relator was not denied due process of law. His last point of error has no merit.

Application for writ of habeas corpus is denied and Relator is remanded to the custody of the sheriff of Harris County for confinement pursuant to the court's order of commitment.