**Ex parte David JOHNSON.**

**No. 2–85–136–CV.**

Court of Appeals of Texas, Fort Worth.

July 3, 1985.

OPINION

HILL, Justice.

Relator, David Johnson, filed this habeas corpus proceeding after being held in contempt in district court in Denton County and sentenced to incarceration until he has paid child support arrearage in the amount of $2,650.00 and $150.00 as court costs.

Relator is ordered discharged.

Johnson presents numerous arguments as to why he should be ordered released. One of his complaints is the fact that it was alleged that he was in contempt for failing to pay support in the amount of $600.00 per week, when in fact he was obligated to pay no more than $350.00 per week.

Johnson was held to be in contempt of the order of the court dated June 8, 1984. The pertinent parts of the order are as follows:

IT IS ORDERED that DAVID JOHNSON pay to CHARLOTTE JOHNSON

for support of DANIEL TODD JOHNSON the sum of $250.00 per week, with the first payment being due and payable on the 1st day of June, 1984, and a like payment being due and payable on the same day of each week thereafter until further order of this Court.

\*     \*     \*     \*     \*     \*

IT IS FURTHER ORDERED that in the event the house located at Route 1, Knob Hill Estates, Frisco, Texas, is repossessed, then DAVID JOHNSON shall pay to CHARLOTTE JOHNSON for support of DANIEL TODD JOHNSON the sum of $350.00 per week, until further order of this Court.

The motion for contempt alleged that Johnson was in contempt for failure to make payments in the amount of $600.00 per week, and Johnson was found guilty and incarcerated until he pays arrearage based upon the amount of $600.00 per week.

■ Because a contempt hearing is quasi-criminal in nature in that it may result in deprivation of a person's liberty, to afford the contemnor due process of law, the decree must set forth with specificity the act which the contemnor must perform so as to avoid the penalty of contempt. *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967); *In re Hill*, 611 S.W.2d 457, 458 (Tex.Civ.App.— Dallas 1980, no writ).

■ We do not find that the order of June 8, 1984, specifically requires Johnson to pay support in the amount of $600.00 per week. In fact, we would interpret the order to require Johnson to pay $250.00 per week in support or $350.00 per week in support in the event the house in question were to be repossessed. Although it is possible that the order might be read in such a way as to require the payment of $600.00 per week, we find that the order is at best ambiguous with respect to such a requirement.

Because we find that the June 8, 1984 order is not sufficiently specific so as to apprise the alleged contemnor as to what he is required to do in order to avoid contempt, we hold that the order holding relator in contempt is void because it violates due process.

Because of our holding with respect to this complaint, it is unnecessary for us to consider the other grounds upon which relator bases his claim for relief.

We order the relator discharged.