**Ex parte Douglas Hunter ROSBOROUGH, Relator.**

**No. 01–86–0852–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 8, 1987.

Alice A. Bonner, Houston, for relator.

Kay Whyburn, Houston, for respondent.

Before DUGGAN, LEVY and HOYT, JJ.

## OPINION

HOYT, Justice.

This original proceeding on writ of habeas corpus was brought by relator, Douglas Hunter Rosborough, following his incarceration for failure to pay child support.

Relator contends that his confinement is a denial of due process because he was imprisoned for a debt that he does not have the ability to pay; that the commitment order and judgment fails to contain the specific findings required by Tex.Fam.Code Ann. sec. 14.33; and that the commitment order holds him in contempt for failing to comply with a judgment dated April 1, 1985, wherein the court allegedly ordered him to pay $500 per month, beginning November 1, 1985, and that order in fact contains no such requirement. Finally, he argues that the order that did require him to pay $500 per month, signed October 31, 1985, was a default judgment, of which he had no notice.

Pursuant to a Commitment Order and Judgment in this case, the trial court held relator in contempt for failing to make support payments in defiance of a judgment dated April 1, 1985, "wherein the Court ORDERED him to pay the sum of $500 each 1st Day of the month beginning November 1, 1985...."

A review of the record shows us that the Commitment Order and Judgment is void on its face. It holds relator in contempt for violating the judgment of April 1, 1985, by failing to make support payments of $500 per month, when that order does not require such payments. This invalidity deprives the relator of his due process right to notice of what judgment he is charged with violating and by what means. *See Ex parte Johnson*, 692 S.W.2d 599 (Tex.App.—Fort Worth 1985, no writ). A contempt order must clearly state in what respect the court's previous order has been violated. *Ex parte Proctor*, 398 S.W.2d 917, 918 (Tex.1966).

Relator cannot legally be imprisoned for violating an order by failing to do what the order does not require. Where the judgment ordering confinement is invalid, the confinement is illegal, and the relator is entitled to discharge. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex.1979).

Because the contempt order is invalid on its face, we need not address relator's other contentions. The writ of habeas corpus is granted, and the relator is ordered released from confinement.