**Ex parte Terry Lynn SINCLAIR, Relator.**

No. B14–87–00920–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 17, 1988.

Ray Epps, Houston, for appellant.

Jo Nelson, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an original habeas corpus proceeding. Relator, Terry Lynn Sinclair, asks this court to order him released from an order of commitment which the 312th District Court of Harris County entered on November 12, 1987, in Cause No. 84–45269. The court ordered a criminal commitment and a civil coercive confinement after finding relator in contempt for willfully failing to pay child support pursuant to a decree of divorce and for failing to comply with a subsequent order to pay arrearages. Rela-

tor attacks the validity of the court's order of commitment on jurisdictional and due process grounds. We granted relator leave to file his writ and ordered the Sheriff of Harris County to release him on bond pending resolution of this cause. Tex.Gov't Code Ann. § 22.221(d) (Vernon Pamph. Supp.1988). Because we conclude that the trial court's commitment order does not meet the standards mandated by the legislature in a recent amendment to the Texas Family Code, we grant the writ and order relator discharged.

After notice and order to show cause, the 312th Judicial District Court held a hearing on a motion for contempt filed by Brenda Faye Sinclair, the real party in interest. Both parties testified and were represented by counsel at the hearing. The motion alleged that relator had failed to pay regular child support pursuant to a decree of divorce the 312th court entered on December 19, 1984, and that he had failed to pay child support arrearages pursuant to a February 5, 1987 order of the same court.

The court entered a single written order in which it found relator in contempt of its December 19, 1984 decree of divorce and found him $1667.50 in arrears pursuant to that order. It also found that he was "not in compliance of (sic) the 2/5/87 order and is in arrears $1610." The order contains a sixty day criminal commitment and a civil coercive confinement, together with a statement that both sentences were to run concurrently. The civil commitment ordered relator confined until he paid both arrearage amounts, as well as court costs and attorney's fees.

In order for this court to order the sheriff to release relator from custody, his attack on the validity of the commitment order must establish that it is void, because the court either lacked jurisdiction, or deprived him of his liberty without due process. *Ex parte Barnett*, 600 S.W.2d 252,

254 (Tex.1980); *Ex parte Crawford*, 684 S.W.2d 124, 126 (Tex.App.—Houston [14th Dist.] 1984, no writ). Relator contends the trial court's order is void on both grounds. We agree that the court's commitment order is void on due process grounds because it does not comport with the requirements of Tex.Fam.Code § 14.33(a) (Vernon Supp. 1988).

■ Tex.Fam.Code § 14.33 is part of Subchapter B of Title Two of the Family Code, which governs all enforcement orders for support or possession of, or access to, a child. The legislature added Subchapter B to the Code pursuant to Act of September 1, 1985, ch. 232, secs. 9–10, 1985 Tex.Gen.Laws 1158, 1160–1170. ["the 1985 Act"]. Because section 14 of the 1985 Act repealed Tex.Fam.Code § 14.09, which formerly governed enforcement orders, a court entering an order to enforce a prior order for support, or possession of or access to a child, must now comply with Tex.Fam.Code § 14.33(a). Section 14.33(a) states what an enforcement order must contain.[1] The trial court entered the commitment order in the instant case in order to enforce its prior orders relating to the support of relator's children. The trial court was therefore required to comply with § 14.33(a).

Pursuant to Tex.Fam.Code § 14.33(a), a court's enforcement order must indicate by specific findings: what the prior final order, judgment or decree required; in what respect the contemnor violated the order, judgment or decree; and the relief ordered by the court. The provision of the commitment order finding relator "not in compliance of (sic) the February 5, 1987 order" does not meet the requirements of § 14.33(a) because it does not specify with sufficient particularity what the February 5, 1987 order required him to do. In addition, although § 14.33(a) permits a court to incorporate a prior order by reference, the court made no attempt to do so.

---

1. Pursuant to Act of November 1, 1987, ch. 73, sec. 7, 1987 Tex.Sess.Law Serv. 458, 467–68, (Vernon) the legislature further amended § 14.33(a) to provided that a trial court may

only enter enforcements orders when there has been a prior *final* order, decree, or judgment for which enforcement is sought.

Moreover, the enforcement order's reference to "the 2/5/87 order" cannot satisfy as an identification of which prior court order was at issue. The court's docket sheet indicates that it signed and entered *two* orders on February 5, 1987, an "Order to Withhold" and a "Contempt Order with Compliance". Thus, the court failed to specify what the February 5, 1987 order required relator to do, failed to incorporate that order by reference, and compounded those errors by failing to specify which of the two orders it entered on February 5, 1987 it was attempting to enforce. *Compare Ex parte Conoly*, 732 S.W.2d 695, 697 (Tex.App.—Dallas 1987, no writ) (refusing request for writ of habeas corpus, in part because contempt orders referred to divorce decree by volume and page of the court's minutes). We conclude the court's commitment order does not meet the requirements of § 14.33(a) and is therefore void.

We also agree with relator's contention that the commitment order fails to adequately indicate how he violated the court's prior orders. Because the court order recites only total arrearages under the divorce decree and the February 5, 1987 order, it fails to satisfy the § 14.33(a) requirement that an enforcement order state the time, date, and place of relator's violations. In asking this court to reject relator's contention, the real party in interest relies on *Ex parte Papageorgiou*, 685 S.W.2d 776 (Tex.App.—Houston [1st Dist.] 1985, no writ), which predates § 14.33(a), where the relator appealed from a similar order of the 312th District Court. The *Papageorgiou* court refused to order the relator discharged on the basis of the trial court's failure to enter specific findings in its order as to each contemptuous act. In determining that the lack of specific findings would not render the trial court's order void, the court of appeals relied in part on the relator's having stipulated to the amount of arrearages during the hearing. 685 S.W.2d at 779.

■ At the beginning of the hearing in the instant case, the attorney who formerly represented relator entered his stipulation that he owed $1667.50 in support payments under the divorce decree, and $1610 in arrearage payments under the court's February 5, 1987 order. The stipulation was consistent with the amounts alleged in the motion for contempt and the order to show cause, with increased amounts attributable to arrearages which had accrued after she filed her motion. When he testified under oath at a later point during the hearing, relator reaffirmed that he had missed those payments.

In *Ex parte Burroughs*, 687 S.W.2d 444, 446 (Tex.App.—Houston [14th Dist.] 1985, no writ), which, like *Ex parte Papageorgiou*, predates § 14.33(a), the relator had similarly stipulated to child support arrearages during the hearing. This court overruled the relator's argument that a similar commitment order did not sufficiently specify how he had violated the court's prior orders. In rejecting the relator's contentions, we noted that the relator's stipulation amounted to prima facie proof of contempt. Relying on Tex.R.Civ.P. 11, we referred to the statement of facts and concluded that the commitment order sufficiently incorporated his stipulation. 687 S.W.2d at 446.

■ Because both *Papageorgiou* and *Burroughs* predate the enactment of § 14.33(a), we decline to follow them, notwithstanding relator's disclosure of a prima facie proof of contempt by his orally stipulating and admitting his arrearages. While § 14.33(a) does not proscribe stipulations in enforcement orders, it does require specificity and particularity. Consequently, if a court seeks to rely on a stipulation, its order must either set out the stipulation in its entirety, or incorporate it sufficiently by reference, in order to satisfy § 14.33(a). The enforcement order in the instant case neither indicates that relator stipulated to arrearages, nor sets out his stipulation, nor makes any attempt to incorporate his stipulation by reference. As a result, it cannot meet the standards of § 14.33(a).

Because § 14.33(a) requires either express findings in the order, or express in-

corporation by reference, we conclude that we may no longer refer to a statement of facts in order to find substantial compliance with the requirements of specificity, as we did in *Burroughs* pursuant to prior case law. We sustain relator's contention that the trial court entered a void order of commitment. The order does not comply with § 14.33(a) of the Family Code because it failed to either incorporate its prior February 5, 1987 order by reference or set out its provisions with particularity, and also because it failed to identify which of two possible prior orders relator had violated. It thereby failed to specify what the prior order required him to do. We likewise sustain realtor's contention that the prior order failed to specify how he had violated the prior order at issue.

Although we need not address the remainder of relator's arguments, having found the trial court's order void, we choose to address two of those contentions in view of recent amendments to the Family Code.

■ We disagree with relator's jurisdictional challenge to the trial court's authority to find him in contempt for anticipatory obligations which had not accrued at the time his former wife filed her contempt motion. The real party in interest's enforcement motion included a specific request that the court find relator in contempt for violations accruing between the filing of her motion and the court's hearing on the motion. She based her request on the specific past violations she had set out in her motion.

Pursuant to Act of August 4, 1987, ch. 73 sec. 5, 1987 Tex.Sess.Law Serv. 458, 462–63 (Vernon), the legislature further amended Tex.Fam.Code § 14.31(b), which was added to the Family Code pursuant to Subchapter B of the 1985 Act. As amended, § 14.31(b) permits a movant who alleges past violations of a court order and seeks enforcement, as the real party in interest did in the instant case, to rely on those past violations and plead that future violations may occur between the filing of the motion and

the court's hearing on the motion. November 1, 1987 was the effective date of the amending legislation. Although the motion for contempt was filed on September 11, 1987, the amended version of the statute was in effect on November 12, 1987, when the court heard the merits of the contempt motion. Therefore, the motion properly invoked the trial court's jurisdiction to assess whether relator failed to comply with its orders to pay both regular child support and arrearages on occasions which occurred after the real party in interest filed her motion and up to the time of the hearing. We overrule relator's contention that the trial court lacked jurisdiction to find him in contempt for his failures to make those intervening payments.

■ We also disagree with relator's premise that because a separate and distinct order of contempt is a prerequisite to a subsequent order of commitment, the trial court entered a void order by finding him in contempt *and* ordering him committed in a single order. Such is not the law. In order to comport with due process, a trial court ordering a constructive contemnor confined to jail must enter a written order of commitment, which, in turn, must be supported by a written order of contempt. *Ex parte Strickland,* 723 S.W.2d 668 (Tex. 1987) (per curiam); *Ex parte Barnett,* 600 S.W.2d at 256. However it does not offend due process for a court to execute a single written order which first finds an obligor in contempt and then orders him committed. *Ex parte Snow,* 677 S.W.2d 147, 149 (Tex. App.—Houston [1st Dist.] 1984, no writ). We find nothing in Tex.Fam.Code § 14.33(a) which proscribes the court's making both findings in a single written document. Relator's contention is overruled.

We sustain relator's contention that the trial court entered a void order of commitment, although we overrule both his jurisdictional challenge and his argument that the court entered a void order by executing only one instrument to find him in contempt and order him committed. We need not consider his remaining arguments.

Relator's application for writ of habeas corpus is granted. Relator Terry Lynn Sinclair is ordered released from bond and discharged from custody pursuant to the commitment order entered by the 312th Judicial District Court of Harris County on November 12, 1987, in Cause No. 84–45269.