**Ex parte James Edward REYNOLDS, Relator.**

No. 13–89–273–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1989.

James Edward Reynolds, Houston, pro se.

Michael Ryan, Norma Villa, Atty. General's Office, Corpus Christi, for appellee.

Before UTTER, KENNEDY and DORSEY, JJ.

## OPINION

UTTER, Justice.

Relator filed a motion for leave to file a petition for writ of habeas corpus seeking relief from a contempt and commitment order pursuant to a child support matter. We granted relator leave to file his petition and ordered him released on bond pending resolution of the matter on its merits. Tex. Gov't Code Ann. § 22.221(d) (Vernon 1988). His primary contention is that the trial court's order is void. We agree that the trial court's order of commitment fails to satisfy the requirements of Tex.Fam.Code Ann. § 14.33(a) (Vernon Supp.1989). We grant the writ and order relator discharged.

The motion filed by the attorney general's office states that on August 30, 1983, relator was ordered to pay $75.00 weekly in child support. It alleges that he has willfully disobeyed the prior order and alleges an aggregate arrearage of $19,181.35 as of December 26, 1988. The motion also requested wage withholding. The trial court's order enforcing the child support obligation found relator in arrears in the amount of $20,231.35 as of December 26, 1988. It also found that relator was ordered to make child support payments on four specific dates in January 1989, but failed to pay, even though he possessed a financial ability to pay. The court ordered punishment in jail for 180 days on each count and thereafter until relator paid the $20,231.35 arrearage.

In a habeas corpus action the guilt or innocence of the relator is not brought into issue. We are concerned only with the legality of relator's detention. *Gilbert v. Texas*, 437 S.W.2d 444, 446 (Tex. Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.). We may only order a contemnor released when the judgment is void for lack of jurisdiction or because the contemnor was deprived of liberty without due process. *Ex parte Barnett*, 600 S.W.2d

252, 254 (Tex.1980); *Ex parte Helms,* 152 Tex. 480, 259 S.W.2d 184, 186 (Tex.1953).

The Texas Family Code mandates the contents of an enforcement order. Section 14.33(a) provides:

> An enforcement order shall contain findings setting out specifically and with particularity or incorporating by reference the provisions of the final order, decree, or judgment for which enforcement is sought, and the time, date and place of each and any occasion on which the respondent failed to comply with such provision, and setting out the relief awarded by the court.

Here, the order finds relator in arrears as of December 26, 1988 in the amount of $20,231.35. There are two problems with this finding. First, it does not state the time, date, place of each and any occasion in which relator failed to comply with the order, in contravention of Tex. Fam.Code Ann. § 14.33(a). *See Ex parte Boykins,* 764 S.W.2d 590 (Tex.App.—Houston [14th Dist.] 1989, orig. proceeding); *Ex parte Sinclair,* 746 S.W.2d 956 (Tex.App.—Houston [14th Dist.] 1988, orig. proceeding). Second, the motion alleged that relator was in arrears $19,181.35 on December 26, 1988, while the order finds that he owes $20,231.35 for the same period. This order does not specify how the arrearages were calculated in accordance with the requirements of specificity set forth in § 14.33(a).

We find that the trial court's order enforcing child support obligation is void. Relator's application for writ of habeas corpus is GRANTED. Relator is ordered released from bond and discharged from custody pursuant to the order entered by the 94th Judicial District Court of Nueces County, Texas, on May 24, 1989 in Cause No. 83–3046–C.