**Ex parte John Michael JOHNSON, Relator.**

**No. 01–89–00700–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 21, 1989.

John Michael Johnson, Houston, pro se.

Denise C. Mitrano, Houston, for respondent.

Before WARREN, COHEN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

On July 10, 1989, the 310th District Court of Harris County adjudged relator, John Michael Johnson, to be in contempt for failure to make child support payments of $350 per month, and failure to pay a child support arrearage of $5,800. The trial court ordered relator confined in the Harris County Jail for 145 days. We granted relator leave to file a writ of habeas corpus on July 11, 1989, and ordered relator released from jail pending final determination.

This proceeding is a collateral attack on the trial court's commitment order. This Court may not grant a writ of habeas corpus relieving relator from the imposition of that order unless the order is void on its face or is so completely without evidentiary support as to render it void. *Ex parte McKinley*, 578 S.W.2d 437, 437 (Tex.Civ. App.—Houston [1st Dist.] 1979, orig. proceeding).

In his sole point of error, relator contends that his confinement is illegal because the order of contempt does not comply with the requirements of Tex.Fam.Code Ann. § 14.33(a) (Vernon 1985 & Supp.1989). Section 14.33(a) requires the court to draft the enforcement order so that it contains the specific provisions of the order for which enforcement is sought, and note

> the time, date and place of each and any occasion on which the respondent failed to comply with such provision....

Relator's commitment order does not comply with § 14.33(a) because it does not recite the specific dates on which appellant

did not comply with the court's judgment. It merely recites:

> Respondent is in contempt of this Court in that he failed and refused to make support payments in defiance of the Judgment hereinabove referred to and further that the unpaid support under said order as of this date is the sum of $5,800.00.

The commitment order is void on its face. The order of the trial court does not set out with particularity, nor incorporate by reference from the motion for contempt, the dates on which relator did not comply with the court's orders. *Ex parte Sinclair*, 746 S.W.2d 956 (Tex.App.—Houston [14th Dist.] 1987, orig. proceeding).

In *Sinclair*, the trial court entered an order in which it found relator in contempt of its divorce decree and later order to pay child support arrearages, and found him $1667.50 in arrears on his child support payments. The *Sinclair* court held that the commitment order did not adequately indicate how relator violated the court's divorce decree and earlier order to pay arrearages.

> Because the commitment order recites only total arrearages under the divorce decree and the February 5, 1987 order, it fails to satisfy the § 14.33(a) requirement that an enforcement order state the time, date, and place of relator's violations.

*Ex parte Sinclair*, 746 S.W.2d at 958.

 A contempt order must clearly state in what respect a party violated the court's order. *Ex parte Rosborough*, 723 S.W.2d 273, 274 (Tex.App.—Houston [1st Dist.] 1987, orig. proceeding). The commitment order in this case only recites total arrearages. As such, it does not meet the requirements of § 14.33(a) that an enforcement order state the time, date and place of relator's violations. *Ex parte Sinclair*, 746 S.W.2d at 958–59.

Before § 14.33(a) became effective in 1985, we held that enforcement orders that merely recited the amount of arrearage were valid. *See, e.g. Ex parte Papageorgiou*, 685 S.W.2d 776 (Tex.App.—Houston [1st Dist.] 1985, orig. proceeding). In *Pa-*

*pageorgiou*, a case that arose in 1984, we held the trial court was not required to enter specific findings as to each contemptuous act. *Papageorgiou*, 685 S.W.2d at 779. We note that the legislature's enactment of § 14.33(a) invalidates *Papageorgiou*.

We find that the commitment order does not adequately indicate how relator violated the court's divorce decree and order to pay arrearages, and it is, therefore, void on its face. *Ex parte Rosborough*, 723 S.W.2d at 274. The application for writ of habeas corpus is GRANTED. We order relator discharged from custody, noting that relator's discharge does not relieve him of his obligation to pay the child support arrearage.