**Ex parte Donald C. NASH, Petitioner.**

**No. 16429.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 21, 1979.

Marian M. Sturdivant, San Antonio, for appellant.

Donald S. Bayne, San Antonio, for appellee.

## OPINION

PER CURIAM.

This is an original application for a writ of habeas corpus filed by Donald C. Nash, petitioner. Petitioner sought release from the Bexar County Jail where he was confined after being found in contempt of court. The trial court ordered that petitioner be confined in jail for a period of six months and thereafter until he has complied with the order of the court by delivering two children, Dion P. Grinsteiner and Brandy D. Nash, to Sally G. Grinsteiner at the Bexar County Sheriff's Office. Petitioner was released from jail by this court pending our decision in this case.

Sally Grinsteiner, petitioner's former wife, filed a writ of habeas corpus for the return of the children, Dion P. Grinsteiner

and Brandy D. Nash, in the District Court of Bexar County, Texas. After a hearing, the court entered the following order:

On the 26th day of October, 1979, a hearing was held in this Court on the application of SALLY GRINSTEINER for writ of habeas corpus to compel return of the children to Applicant. Applicant appeared in person and by attorney. Respondent appeared in person and by attorney.

Applicant is the person entitled by law to possession of the children, DION P. GRINSTEINER and BRANDY D. NASH.

It is therefore DECREED that the children be and hereby are returned to Applicant at 12:00 noon on Saturday, October 27, 1979 at the Office of the Sheriff of Bexar County, Texas.

Petitioner was held in contempt of court for violating the above order.[1]

█ When a court seeks to punish for contempt for disobedience of an order, the order must be in the form of a command. *See Ex parte Padron*, 565 S.W.2d 921, 921 (Tex. 1978); *Ex Parte Duncan*, 42 Tex. Crim. 661, 670–71, 62 S.W. 758, 760 (1901). In *Padron*, some real property was to be sold pursuant to a divorce decree. It was necessary that Padron execute certain papers in order for the sale to be effected. As a result of his refusal to sign the papers, Padron was held in contempt of court. The supreme court held that in the absence of an unequivocal command to execute the instruments there could be no confinement for contempt of a court order. *See Ex parte Padron*, 565 S.W.2d 921, 921 (Tex. 1978).

█ In the present case, petitioner is confined for violating a court order. The purported order, however, did not order him to do anything. It merely declared that Sally Grinsteiner is entitled to possession of the children; it did not impose any duties on petitioner. *See Stoner v. Thompson*, 553 S.W.2d 150, 153 (Tex.Civ.App.—Houston

[1st Dist.] 1977, writ ref'd n.r.e.) (on motion for contempt).

The petitioner is ordered discharged.

---

1. Other than a writ of attachment directed to the Sheriff, this was the only order entered on October 26, 1979.