**Ex parte Gloria Hosseini
BAHMANI, Applicant.**

**No. C14–88–00801–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 3, 1988.

Cynthia Driskell, Houston, for appellant.

John Lohmann, III, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

JUNELL, Justice.

Relator, Gloria Hosseini Bahmani, brought this original habeas corpus proceeding after the trial judge held her in contempt and committed her to jail for one day and thereafter until she purged herself of contempt by paying $1,000 which the court found was the amount she had not paid under the child support order. In six points relator claims the commitment order is void because (1) it does not specify each act for which relator has been found in contempt; (2) it fails to state how and when relator violated each order; (3) there was no finding that relator had the ability to pay the child support; (4) the first amended motion for contempt was not personally served on relator; (5) the amount of arrearage in the order varies with the amount in the motion for contempt; and (6) the commitment order varies with a proposed order submitted to the trial court. We agree with relator's first point and grant the writ of habeas corpus.

On April 26, 1988, an order on a motion to modify in a suit affecting the parent-child relationship was signed, ordering, *inter alia,* that relator pay $250 per month in child support, with $125 paid each first and fifteenth of the month, with the first installment to begin on May 1, 1988. Relator was further ordered to return her child to his father, the managing conservator, after her periodic visits with the child. Both mother and father were ordered to promptly inform the other of any change in address, telephone number, or place of employment. On August 18, 1988, Assad Bahmani, the father, filed a first amended

motion for contempt claiming (1) relator was $1,000 in arrears in her child support; (2) relator did not return the child to the father after her visits, as specified in the order; and (3) relator did not inform the father of her address change. On September 8, 1988, the trial court signed the order of commitment, which found relator in contempt of court for failing to pay $1,000 in child support and committed her to jail for one day and thereafter until she purged herself by paying the $1,000 arrearage.

In her first point relator argues that the commitment order is void because it does not specify each act for which she has been found in contempt. The order of commitment reads, in part, as follows:

> AND IT APPEARING to the Court that the said Gloria C. Hosseini (Bahmani) has been duly cited; and the Court after having heard all of the evidence and arguments offered in this matter, is of the opinion and so finds that the said Gloria C. Hosseini (Bahmani) is guilty of contempt of this Court in that [s]he has failed and refused to pay child support as heretofore ordered in an amount of $1000.00.

For a person to be held in contempt for disobeying a court order, the order must spell out the details of compliance in clear, specific, and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed on her. *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967). With regard to orders enforcing contempt of court, the Family Code provides:

> (a) Contents. An enforcement order shall contain findings setting out specifically and with particularity or incorporating by reference the provisions of the final order, decree, or judgment for which enforcement was sought, and the time, date, and place of each and any occasion on which the respondent failed to comply with such provision, and setting out the relief awarded by the court.

TEX.FAM.CODE ANN. § 14.33(a) (Vernon Supp.1988).

The commitment order in this case fails to comply with section 14.33(a). The commitment order does not set out specifically which provisions of the order on the motion to modify were sought to be enforced. It does not state which child support payments relator did not pay and exactly when she was supposed to pay them under the court's order on the motion to modify. The order merely states that the court finds that relator is $1,000 in arrears. This does not meet the specificity requirements of the Family Code. Consequently, the commitment order is void. *See Ex parte Durham*, 708 S.W.2d 536, 538 (Tex. App.—Dallas 1986, no writ).

Our disposition of relator's first point pretermits discussion of her remaining five points. Since the commitment order is void, we grant habeas corpus relief and order relator discharged.