**Ex parte Ronnie Lynn BOYKINS, Relator.**

**No. A14–88–01111–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 2, 1989.

Barry J. Hards, Houston, for appellant.

Travis Lewis, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Ronnie Lynn Boykins, relator, brought this original Habeas Corpus proceeding after the Honorable Henry G. Schuble, Judge of the 245th District Court of Harris County, held relator in contempt of court "by reason of his failure and refusal to make payments of child support heretofore ordered in the amount of $8,800.00, in defiance of the terms of the decree" rendered on March 13, 1986, wherein the court had ordered relator to pay $400.00 per month in child support, payable in two installments of $200.00 each month, on the second Friday and the fourth Friday of each month, commencing on March 14, 1986. Punishment for such contempt was fixed at confinement in the county jail of Harris County for 90 days and continuing thereafter until relator shall have purged himself of said contempt by paying $2,000.00 in child support, plus attorney's fees and court costs.

Relator contends the commitment order is void because, (1) it does not specify the time, date, and place of every violation, (2) it does not set out specifically which provisions of the decree of divorce are sought to be enforced and (3) it does not state which child support payments relator did not pay and exactly when he was supposed to pay them.

The Show Cause Order served on relator contained an itemized list of $200.00 payments due under the decree, and the date each payment was due was specified in the itemized list. It was stated in that list that no payments had been made by relator and therefore he was in arrears in the total amount of $12,400.00. However, the record before this court includes a statement of facts from the contempt hearing. There was undisputed evidence that relator had made some payments of child support although he had made no payments through the probation department of Harris County, as he was ordered to do by the decree. Relator testified he had paid a total of $3,600.00 in child support. His former wife testified he had paid $2,500.00. Neither relator nor his former wife could produce any records or testimony concerning the amounts and dates of any payments made by relator. The trial court gave relator credit for payments totalling $3,600.00 and thus arrived at the total arrearage of $8,800.00 and held relator in contempt for failing to pay that amount.

With regard to enforcement of child support orders, Section 14.40 of the Texas Family Code Annotated (Vernon 1986) provides:

(a) Contempt Powers of Court. After notice and hearing, any decree or order of the court for child support may be enforced by contempt.

With regard to contents of an enforcement order of the court, Section 14.33(a) of the Texas Family Code Annotated (Vernon Supp.1989) provides:

(a) Contents. An enforcement order shall contain findings setting out specifically and with particularity or incorporating by reference the provisions of the final order, decree, or judgment for which enforcement was sought, and the time, date, and place of each and any occasion on which the respondent failed to comply with such provision, and setting out the relief awarded by the court.

The commitment order in this case failed to comply with Section 14.33(a). It does not set out specifically and with particularity the time, date and place of each and any

occasion on which relator failed to comply with the child support provisions of the decree. The order merely states that the court finds that relator is $8,800.00 in arrears. This does not meet the specificity requirements of the Family Code. Consequently, the commitment order is void. *See Ex parte Bahmani,* 760 S.W.2d 769 (Tex.App.—Houston [14th Dist.] 1988 original proceeding); and *Ex parte Sinclair,* 746 S.W.2d 956 (Tex.App.—Houston [14th Dist.] 1988 original proceeding). For this reason we must grant habeas corpus relief and order relator discharged from custody.

We render this decision very reluctantly and with the suggestion that the legislature seriously consider amending Section 14.33(a) of the Texas Family Code. In the last year, in the instant case and in *Ex parte Bahmani* and *Ex parte Sinclair,* both cited above, this court has been forced to grant Habeas Corpus relief and discharge persons from confinement in the County Jail for failure to pay child support. In all three cases the trial court had held the respondent guilty of contempt for failing to pay child support in a specified total amount of money. Also in each case the respondent admitted by stipulation or testimony at the contempt hearing that he or she was in fact in arrears in child support payments in the same total amount of money as was subsequently recited in the court's order as the basis for the contempt and confinement.

In all three of these cases the motions for contempt complied with the requirements of Section 14.31(b) of the Texas Family Code by setting out specifically and with particularity the date, place and time of each occasion upon which respondent allegedly had not complied with the child support order and the manner of noncompliance. The motion thus gave each respondent full notice of the details of the alleged noncompliance with the court order on support so as to enable each respondent to prepare to defend against the motion for contempt. We fail to perceive why the order of contempt and confinement should have to specify exactly which child support installments respondent failed to pay. If the motion for contempt alleges the re-

quired specifics and particularities and the evidence supports the trial court's order that respondent is in arrears in a specified total amount of money, in our opinion that should be all the law requires in that respect for a valid contempt and commitment order.

Until the legislature in 1985 repealed Subsections (a) through (d) of Section 14.09 of the Texas Family Code and enacted Section 14.33(a), enforcement orders of contempt and commitment which set forth the total amount of arrearage in child support payments were held valid. *Ex parte Crawford,* 506 S.W.2d 920 (Tex.Civ.App.—Tyler 1974 original proceeding); *Ex parte Chacon,* 607 S.W.2d 317 (Tex.Civ.App.—El Paso 1980 original proceeding).

The legislation passed in 1985 (Acts 1985, 69th Leg. ch. 232) was a comprehensive amendment of and addition to the Texas Family Code designed and intended in part to strengthen enforcement of court orders for child support. In large measure that legislation has achieved its purpose. However, experience since September 1, 1985, the effective date of that Act, has convinced us that addition of Section 14.33(a) has undermined the ability of courts to enforce child support orders. In the instant case, for example, Ronnie Lynn Boykins, by his own failure to make payments through the probation department and to keep any records of payments made by him to the mother of the minor child, made it impossible for the trial court to comply with the specifics and particularities required by Section 14.33(a) and at the same time give him credit for payments actually made by him.

We grant habeas corpus relief. Relator, Ronnie Lynn Boykins, is ordered discharged from custody of the Sheriff of Harris County pursuant to court order signed by the Judge of the 245th District Court of Harris County, Texas, on December 13, 1988 in Cause No. 85–17287.