**Ex parte Larry H. GRAHAM, Relator.**

**No. A14–89–1045–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 15, 1990.

Terry J. Calhoun, Houston, for appellant.

Walter Mahoney, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

JUNELL, Justice.

This is an original habeas corpus proceeding. Relator was held in contempt of court on November 13, 1989, for failing to comply with temporary orders dated September 12, 1989, requiring, *inter alia*, that relator make monthly mortgage payments on the home occupied by his spouse. Pursuant to TEX.GOV'T CODE ANN. § 22.221(d) this court granted leave to file the petition for writ of habeas corpus and admitted relator to bail pending hearing set for January 10, 1990. We deny the writ of habeas corpus.

Relator was incarcerated pursuant to a commitment order dated November 13, 1989, and issued by the 310th Judicial District Court of Harris County for failure to make three consecutive monthly payments in the aggregate amount of $1,413.00 on the residence of his spouse as "further

support" ordered in the temporary orders related to Cause No. 89–35327, styled:

IN THE MATTER OF THE MARRIAGE OF
LaVERNE A GRAHAM
and
LARRY H. GRAHAM
AND IN THE INTEREST OF LaJEANA GRAHAM, LaRONDA GRAHAM, La-REANA GRAHAM, AND LaWANDA GRAHAM, MINOR CHILDREN

Relator seeks avoidance of the commitment order on grounds that the underlying order is not sufficiently clear and unambiguous, and the commitment order is void under section 14.33(a) of the Texas Family Code due to lack of specificity.

■ Before an appeals court may order the release of relator in a habeas corpus proceeding, the trial court's order must be void because either it was beyond the power of that court, or because it deprived the relator of his liberty without due process of law. *Ex parte Barnett*, 600 S.W.2d 252 (Tex.1980).

The temporary orders of the court below read as follows:

IT IS ORDERED that as further support, Larry H. Graham shall pay promptly and timely the house payment due each month for the residence at 17022 Guinn, Houston, Texas 77044 commencing with the payment due for the month of September, 1989.

After service of appropriate notice and a hearing, the commitment order was issued upon these findings:

Larry H. Graham, Respondent is in contempt of this court in that he failed and refused to make support payments in defiance of said Judgment hereinabove referred to [$471.00 each month (House Payment) for the temporary support and maintenance of his spouse, La Verne A. Graham] and further that the unpaid support under said order is the sum of $1,413.00, representing the September, October and November, 1989 payments.

■ We hold there is no ambiguity in the underlying temporary orders. The facts in this case are easily distinguishable from *Ex*

*parte Slavin,* 412 S.W.2d 43 (Tex.1967), where it was possible to construe the underlying court order in more than one way with more than one meaning. In the case before us, the underlying order can be read only one way and relator was given adequate notice of his obligations. Although no payee, due date, or amount are specified in the order, a reasonable person in relator's position would know the details of the house payments or he could determine them with minimal inquiry. Additionally, there is no need for the degree of precision required of orders under TEX.FAM.CODE ANN. § 14.33 which is related solely to the enforcement of orders for child support. *See Ex parte Boykins,* 764 S.W.2d 590 (Tex.App.—Houston [14th Dist.] 1989, orig. proceeding). The court below has characterized the arrearages in this case not as child support, but as temporary support for relator's spouse. As such, the support payments fall under the provisions of TEX.FAM. CODE ANN. § 3.59 which are subject to contempt proceedings as an interlocutory order. *See Ex parte Davis,* 101 Tex. 607, 111 S.W. 394 (1908).

The writ of habeas corpus is denied, the order of the trial court is affirmed, and relator, Larry H. Graham, is remanded to the custody of the Sheriff of Harris County for the confinement prescribed in the November 13, 1989, commitment order and judgment in Cause No. 89–35327, subject to relator's leave to apply for probation as granted in that order.