**Ex parte Carroll B. GREENE.**

**No. C14–90–144–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 10, 1990.

Jim Heaney, Houston, for appellant.

Ronald A. Bass, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an original habeas corpus proceeding. Relator, Carroll B. Greene, seeks relief from an order of contempt and commitment entered by the 245th District Court of Harris County on February 12, 1990 in Cause No. 82–35736. We granted relator leave to file his petition and ordered the Sheriff of Harris County to release him on bond pending resolution of this cause. TEX.GOV'T.CODE ANN. § 22.221(d) (Vernon 1988). We conclude that the court's commitment order failed to satisfy the requirements of TEX.FAM.CODE ANN. § 14.33(a)

(Vernon Supp.1990). We therefore grant the writ and order relator discharged.

In order for this court to order the sheriff to release relator from custody, an attack on the validity of the commitment order must establish that it is void, because either the trial court lacked jurisdiction, or deprived relator of his liberty without due process. *Ex parte Barnett,* 600 S.W.2d 252, 254 (Tex.1980); *Ex Parte Crawford,* 684 S.W.2d 124, 126 (Tex.App.—Houston [14th Dist.] 1984, no writ).

By an order entered on February 19, 1983, the 245th District Court terminated relator's marriage to Patricia Greene, the real party in interest. In the commitment order now before us, the trial court recited that the prior divorce decree ordered relator to pay to Patricia Greene child support in the amount of $800.00 per month. The trial court then held that relator had violated the prior divorce decree, finding him "guilty of willful but not coercive contempt of court in that he has failed and refused to pay child support as heretofore ordered in the amount of $58,400.00." Punishment was assessed at confinement in the county jail of Harris County, Texas for a period of 180 days and court costs in the amount of $943.00.

With regard to contents of an enforcement order of the court, Section 14.33(a) of the TEX.FAM.CODE ANN. (Vernon Supp.1990) provides:

(a) Contents. An enforcement order shall contain findings setting out in ordinary and concise language the provisions of the final order, decree, or judgment for which enforcement was sought, the acts or omissions that are the subject of the order, the manner of noncompliance, and the relief awarded by the court. If the order imposes incarceration or a fine, an enforcement order must contain findings setting out specifically and with particularity or incorporating by reference the provisions of the final order, decree, or judgment for which enforcement was sought and the time, date, and place of each occasion on which the respondent failed to comply with the provision and

setting out the relief awarded by the court.

The commitment order in this case failed to comply with Section 14.33(a). The commitment order states that relator has violated the prior divorce decree in failing and refusing to pay child support in the amount of $58,400.00. Because the commitment order recites only total arrearage under the prior divorce decree, it fails to satisfy the § 14.33(a) requirement that an enforcement order set out with particularity the time, date, and place of each and any occasion on which relator failed to comply with the child support provisions of the prior divorce decree. *Ex Parte Boykins,* 764 S.W.2d 590, 591–92 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Ex Parte Sinclair,* 746 S.W.2d 956 (Tex.App.—Houston [14th Dist.] 1988, no writ). The court's commitment order is void on due process grounds because it does not comport with the requirements of TEX.FAM.CODE ANN. § 14.33(a). We sustain relator's contention that the trial court entered a void order of commitment.

Relator's application for writ of habeas corpus is granted. Relator, Carroll B. Greene, is ordered released from bond and discharged from custody pursuant to the order of contempt and commitment entered by the 245th District Court of Harris County on February 12, 1990 in cause No. 82–35736.