**Ex parte Reynaldo TAMEZ.**

**No. 13–90–416–CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 20, 1990.

Charles Cromwell, Corpus Christi, for relator.

Michael Ryan, Corpus Christi, Jim Mattox, Mary F. Keller, Lou McCreary, Rhonda Amkraut, Asst. Atty. Gen., Child Support Enforcement, Austin, for the State.

Before KENNEDY, BENAVIDES and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Relator filed a motion for leave to file a petition for writ of habeas corpus seeking relief from a contempt and commitment order in a child support matter. We granted relator leave to file his petition and ordered him released on bond pending resolution of the matter on its merits. He contends that the order committing him to jail for failing to pay child support is void. We deny the relief sought and order relator remanded to the custody of the sheriff.

Relator's first argument for relief is based upon his assertion that the order holding him in contempt did not comply with Tex.Fam.Code Ann. § 14.33(a) (Vernon 1990). This section states:

[I]f the order imposes incarceration or a fine, an enforcement order must contain findings setting out specifically and with particularity or incorporating by reference the provisions of the final order, decree, or judgment for which enforcement was sought and the time, date, and place of each occasion on which the respondent failed to comply with the provision and setting out the relief awarded to the court.

The trial court found that relator was ordered to pay by prior order of the court regular child support of $200.00 monthly.

It further found that relator was $10,026.43 in arrears in making those payments. The trial court ordered judgment in that amount together with interest. The trial court also made contempt findings in the same order in which judgment was entered on the arrearages. The trial court found that relator had failed to pay child support on four specific occasions. The enforcement order specifically sets out the date the support was due, the amount due, the amount paid, and the time and place it was to be paid. The court found that on each of these occasions relator was able to make the ordered payments and that the failure to pay constituted contempt. The court ordered relator confined to the county jail for a period of 180 days on each count, to be served concurrently *or* until relator has paid the arrearage.

Relator contends that the enforcement order does not comply with § 14.33(a) because the court found more than $10,000.00 in arrearages, but found only four violations of its prior order totalling $800.00. Relator cites several cases for the proposition that the order holding him in contempt was void because the commitment order stated only arrearage amounts without specifying the dates of payment. These cases are each distinguishable from the case at hand. In *Ex parte Greene*, 788 S.W.2d 724, 726 (Tex.App.—Houston [14th Dist.] 1990, orig. proceeding), the court said that the commitment order failed to satisfy § 14.33(a) because it recited *only* the total arrearage under the prior divorce decree; *see also Ex Parte Boykins*, 764 S.W.2d 590, 592 (Tex.App.—Houston [14th Dist.] 1989, orig. proceeding) (order stated that the court found that relator $8,800.00 in arrears without language specified in the Family Code); *Ex Parte Bahmani*, 760 S.W.2d 769, 770 (Tex.App.—Houston [14th Dist.] 1988, orig. proceeding) (order merely found relator $1,000.00 in arrears); *Ex Parte Sinclair*, 746 S.W.2d 956, 958 (Tex.

App.—Houston [14th Dist.] 1988, orig. proceeding) (relator held in contempt for willfully failing to pay child support and failing to comply with a subsequent order to pay arrearages, but the contempt order recited only total arrearages under the divorce decree). Recently, the Supreme Court held that an order finding a party in contempt and ordering him to jail for six months and further until he paid arrearages in the amount of $10,440, did not meet the specificity required by § 14.33(a).[1] *Ex Parte Holland*, 790 S.W.2d 568 (Tex.1990). In *Holland*, like all of the other cases cited by relator, the order held the party in contempt and recited the total arrearage without the specificity required by § 14.33(a). *Id.* The trial court, in *Holland*, held the obligor in contempt for the full amount of the arrearage. In the instant case, however, relator was held in contempt for four specific acts. He was not held in contempt for failing to pay the full amount of the arrearage. The trial court instead reduced the arrearage to judgment.

██ A request to enforce a child support order and reduce an arrearage to judgment may be joined in the same proceeding. Tex.Fam.Code Ann. § 14.313(b)(1), (2) (Vernon Supp.1991). A party seeking to enforce a child support order is not required to plead or prove that the underlying order is enforceable by contempt to obtain other appropriate enforcement remedies. Tex.Fam.Code Ann. § 14.311(b). The court is also not required to find an obligor in contempt for each occasion in which he failed to make a payment.

Here, appellant could have properly been held in contempt for any of the four occasions recited in the order. Each is set forth with the particularity required by § 14.33(a). The fact that the trial court also reduced the amount of arrearage to judgment and allowed for relator's release upon payment of the arrearage does not

---

1. The opinion in *Holland* states that the court ordered relator jailed for six months or until he pays the child support arrearage. The language of the trial court's order read: (emphasis ours)
   It is ORDERED that Respondent, Earl S. Holland, Jr., is in contempt of this Court and that punishment be and is hereby assessed at a fine of $–0– and confinement in the county

jail of Collin County, Texas, for a period of six months, *and* further confinement until subject has purged himself of and:
   1. Paid the sum of $10,440.00 to Movant through the District Clerk's Office, Child Support Division, 3rd floor of the Collin County Courthouse, McKinney, Texas as child support arrearage.

make the order void. The enforcement order complies with § 14.33(a) in all respects.

Relator also argues that the contempt order is void because it sought to enforce an ambiguous divorce decree. Relator relies on *Ex Parte Slavin*, 412 S.W.2d 43 (Tex.1967), to support his argument. In *Slavin*, the relator was the father of three minor children. The divorce decree ordered him to pay $150.00 per month for the support "of the three minor children until said children attain the age of eighteen years ..." The Supreme Court stated that the decree was sufficiently certain as long as all three of the children were less than eighteen years of age. *Id.* The decree in this case ordered relator to pay child support in the amount of $200.00 per month, with the first payment being due on the 1st day of January, 1981, and a like payment being due and payable on the same day of each month thereafter until the children reach the age of 18 or are otherwise emancipated. Relator concedes that his children are still under eighteen years of age. The child support order informs relator clearly and specifically what he must do to comply with its provisions. Relator's points are overruled.

We deny relator's writ of habeas corpus and order him remanded to the custody of the Sheriff of Nueces County to complete the terms of the order of enforcement.