**Ex parte Raymond Paul WESSELL, Relator.**

**No. C14–90–00936–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 4, 1991.

---

Walter Mahoney, Jr., Pasadena, for relator.

Joe Edwin Naron, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Relator seeks habeas corpus relief after being held in contempt of court on October 22, 1990 for failing to comply with an order by the 313th District Court of May 16, 1990. The court ordered relator to "endorse all paychecks, or other forms of income payable to [relator] by check, and turn the same over to said receiver as they may be received by [relator]." The paychecks and other income referred to by the contempt order were to be used to satisfy a judgment for $3,000 in attorney's fees incurred by relator as a child support obligation. Punishment for contempt was set at confinement in the Harris County jail for thirty (30) days and thereafter until the $3,000 obligation is paid in full. We deny the writ.

Relator contends the commitment order is void because: (1) the pleadings failed to give adequate notice; (2) the Order Appointing Receiver failed to meet the minimum due process requirements to be enforceable by contempt; (3) the commitment order fails to comply with Section 14.33(a) of the Texas Family Code; and (4) the Texas Turnover Statute applies to the specific judgment in this case.

On May 22, 1989, a judgment in a paternity suit ordered relator to pay $300 per month in child support, with the first installment payment payable on June 1. Additional payments were payable on the 1st and 15th day of each month thereafter. The paternity judgment further ordered the relator to pay the $2,400 in arrearages to be made in installments of $50 due the first day of each month, beginning June 1, 1989. The child support was to be withheld from relator's disposable earnings. Relator was further ordered to pay $3,000 directly to the attorney who brought the paternity suit. The attorney was authorized to enforce this order in his own name, and on May 1, 1990, he filed a Motion for Appointment of a Receiver. On May 16, a receiver was appointed to take possession of all non-exempt property, sell it and pay the attorney the proceeds to the extent necessary to satisfy the judgment. The

court further ordered the relator to "endorse all paychecks, or other forms of income payable to [relator] by check, and turn the same over to said receiver as they may be received by [relator]." The relator was also ordered to pay reasonable costs of the receiver in addition to the $3,000 of attorney's fees.

On August 1, counsel for the receiver filed a Motion for Contempt and Notice of Hearing. At the conclusion of this hearing on October 10, the court directed counsel for both parties to submit briefs on the legal issues presented at the hearing. On October 22, the trial court found the relator guilty of contempt and sentenced him to thirty (30) days in jail or until the receiver was paid.

Relator's first two allegations claim that the relator failed to receive adequate notice and that the underlying order which appointed the receiver failed to meet the minimum due process requirements to be enforceable by contempt. The crux of the relator's argument is that the order is defective because it fails to allege a specific date when the order was violated and without the designation of a specific date the accused is not given an adequate opportunity to prepare a defense.

■ For an individual to be held in contempt for disobeying a court order, the order must set forth the details of compliance in clear, specific and unambiguous terms so that the person will know exactly what duties or obligations are imposed upon him. *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967). In *Ex parte Graham*, 787 S.W.2d 141 (Tex.App.—Houston [14th Dist.] 1990, orig. proceeding), this court applied a reasonable person standard in determining whether the underlying court order was ambiguous. This court held:

> [T]here is no ambiguity in the underlying temporary orders. The facts in this case are easily distinguishable from *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967), where it is possible to construe the underlying court order in more than one way with more than one meaning. In the case before us, the underlying order can be read only one way and the relator was

given adequate notice of his obligations. Although no payee, due date, or amount are specified in the order, a reasonable person in relators position would know the details of the house payments or he could determine them with minimal inquiry.

*Id.* at 143. Here, although no dates were specifically recited as to *when* relator should receive checks or in *what amount* they would be received, a reasonable person in relator's position should know when he receives his paychecks and their amounts. A reasonable person should be able to ascertain, with minimal inquiry, any details necessary to comply with this order.

■ Relator further argues that the commitment order is void because it fails to comply with Section 14.33(a) of the Texas Family Code and that the Texas Turnover Statute applies to the specific judgment in this case. Section 14.33(a) has been construed narrowly. *Ex parte Boykins*, 764 S.W.2d 590, 592 (Tex.App.—Houston [14th Dist.] 1989, orig. proceeding); *see, e.g. Ex parte Graham*, 787 S.W.2d 141, 143 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding). Here, the commitment order is *not* controlled by Section 14.33(a) of the Texas Family Code. There is no need for the degree of precision required of orders under TEX.FAM.CODE ANN. § 14.33(a) which is related solely to the enforcement of orders for child support. *Ex parte Graham*, 787 S.W.2d 141, 143 (Tex.App.—Houston [14th Dist.] 1990, orig. proceeding). The $3,000 which is the subject of the order here was for reasonable attorney's fees to be taxed as costs, not as child support. The attorney's fees are allowed under Subsection (b) of Section 13.42 of the Texas Family Code, which provides in pertinent part as follows:

> (a) In a suit in which a *determination of paternity is sought*, the court may provide for the managing and possessory conservatorship in support of an access to the child; except that no alleged father denying paternity may be required to make any *payment for the support of the child* until paternity is established. On a finding of paternity, the court may

order support retroactive to the time of the filing of this suit and, on a proper showing, may order a party to pay an equitable portion of all prenatal and post-natal related health care expenses of the mother and child. (italics ours)

(b) In addition to the payment authorized by Section 14.05 of this code, *the court may award reasonable attorney's fees incurred in the suit.* (italics ours)

(c) A payment ordered under Subsection (b) of this section enforceable as provided in Subchapter B of chapter 14 of this code.

An award of such reasonable attorney's fees in a paternity suit is enforceable under Section 14.33(b) of the Texas Family Code. See Tex.Fam.Code Ann. § 13.42(c) (Vernon Supp.1991).

▌ The Texas Turnover Statute requires that a court not enter or enforce an order that requires the turnover of proceeds or the disbursement of property which is exempt under any statute, including Section 42.0021 of the Texas Property Code. Tex.Civ.Prac. & Rem.Code Ann. § 31.002(f) (Vernon Supp.1991). However, the Texas Turnover Statute *does not apply to the enforcement of a child support obligation* or a judgment for past due child support. Tex.Civ.Prac. & Rem.Code Ann. § 31.002(f) (Vernon Supp.1991).

Generally, attorneys fees awarded may not be collected through contempt proceedings. *Wallace v. Briggs*, 162 Tex. 485, 348 S.W.2d 523, 525–6 (1961); *Ex parte Quevedo*, 611 S.W.2d 711, 712 (Tex.Civ.App.—Corpus Christi 1981, orig. proceeding). One exception to this rule, however, is the collection of attorney's fees as costs in suits to recover child support payments. *Ex parte McManus*, 589 S.W.2d 790, 792 (Tex.Civ.App.—Dallas 1979, orig. proceeding). This exception is based upon the public policy that parents should support their children. *Id.*

In *Ex parte Helms*, 152 Tex. 480, 259 S.W.2d 184 (1953), the Supreme Court of Texas held that imprisonment for failure to pay attorney's fees awarded for enforcement of a support order did not violate the constitutional principle baring imprisonment for debt. The court stated:

These authorities reason that allowances for counsel fees and suit money are of the *same nature* and are governed by the *same general principles* as allowances for maintenance and support; that allowances for counsel fees and costs are *incidental to* and a part of the alimony decreed to be paid to the wife, in that they are a *means of enforcing the performance of a legal duty owing by the husband and wife,* in which the public has an interest; and that such allowances, like alimony are not mere debts or money judgments within the meaning of the constitutional and statutory provisions prohibiting imprisonment for debt. [*Eddens v. Eddens*, 188 Va. 511, 517–18, 50 S.E.2d 397, 400 (1948).]

*Id.* 259 S.W.2d at 188. (italics ours). Attorney's fees and costs to enforce a child support obligation are of the "same nature" as the obligation for the enforcement of which they were incurred. Therefore, attorney's fees awarded in a paternity suit where child support is granted is a child support obligation for purposes of the Texas Turnover Statute. *See Ex parte Helms,* 152 Tex. 480, 259 S.W.2d 184, 188 (1953).

The writ of habeas corpus is denied.