Kanetzky contempt 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-139-CV





BILLY WAYNE KANETZKY,



 APPELLANT


vs.





MARY MURPHY,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 446,573, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 




 Appellant Billy Wayne Kanetzky ("Kanetzky") appeals a judgment of contempt and
the trial court's enforcement order arising from his failure to comply with the district court's order
setting forth a payment schedule for unpaid child support. Kanetzky also challenges the
accompanying award of attorney's fees and costs. The divorce decree dissolving the marriage of
Kanetzky and his former wife Mary Murphy ("Murphy") granted Murphy custody of their minor
children and ordered Kanetzky to pay fifty percent (50%) of all reasonable health care expenses
of the minor children not covered by insurance. Kanetzky fell into arrears on the payment of
these expenses and Murphy obtained a judgment against Kanetzky which reduced the unpaid child
support to a sum certain of $2,100.00. Subsequently, an agreed order was issued that set forth
a monthly payment schedule for the $2,100.00 judgment. Kanetzky failed to comply with the
agreed order. The district court found him in contempt and issued an order for enforcement and
contempt which is the basis of this appeal. We affirm the order of the district court.



BACKGROUND



 Kanetzky and Murphy are the parents of two young children. On February 23,
1989, the district court of Travis County rendered a decree of divorce dissolving the marriage
between Kanetzky and Murphy. The divorce decree appointed Murphy managing conservator of
the two children. Kanetzky was appointed possessory conservator, as were Maxwell and Lois
Murphy, the children's maternal grandparents. A specific order for the payment of uninsured
medical expenses was also contained in the decree. Kanetzky was ordered to pay as additional
child support:



fifty percent (50%) of any and all reasonable health care expenses, including
medical, hospitalization, dental, orthodontic, opthamologic, counseling,
psychiatric, psychological, eyeglasses and pharmaceutical not paid by insurance
coverage and incurred by or on the behalf of the parties children. IT IS
FURTHER ORDERED AND DECREED that the reasonableness of the charges
shall be presumed upon presentation of the bill; however, said reasonableness may
be refuted by BILLY WAYNE KANETZKY in any subsequent legal proceeding. 
IT IS ORDERED AND DECREED that disallowance of the bill by a health insurer
will not excuse the obligation of BILLY WAYNE KANETZKY to make payment.



 In 1990 and 1991, extensive proceedings to modify custody of the children were
held. One of the issues in the modification litigation was Kanetzky's failure to pay his portion of
the uninsured medical expenses for the two children since the date of divorce, pursuant to the
terms of the divorce decree. Murphy asked the trial court to reduce the arrears on the child
support for medical expenses to a sum certain. On August 29, 1991, the trial court rendered a
judgment against Kanetzky for unpaid child support in the amount of $2,100.00.

 On October 1, 1991, an "Agreed Order Modifying Prior Order" ("Agreed Order")
was issued which resolved all issues of custody, visitation, child support, and child support in the
form of unpaid medical expenses between the parties. The issue of Kanetzky's unpaid child
support was settled and addressed in the modification order:



IT IS FURTHER ORDERED AND DECREED that the Judgment rendered on
August 29, 1991, in the amount of $2,100.00 is hereby rescinded; however,
MARY MURPHY shall recover of and from BILLY WAYNE KANETZKY, SR.
in monthly payments of SIXTY DOLLARS ($60.00) per month beginning on the
first day of AUGUST, 1991, with a like payment being due and payable on the
first day of each month thereafter until the $2,100.00 is paid in full. BILLY
WAYNE KANETZKY, SR. is ORDERED to deliver a cashier's check for
$120.00 to MARY MURPHY on signing of this Order to bring the August and
September payments current.



Both parties and their attorneys signed the order.

 Pursuant to the Agreed Order, Kanetzky delivered a certified check for the first two
$60.00 payments to Murphy. However, he defaulted on the subsequent payments of $60.00 per
month. Consequently, Murphy filed a motion for enforcement of child support order, to confirm
arrearage and render judgment, and to withhold from earnings ("Motion for Enforcement"); at
this time, Kanetzky was in arrears in the amount of $660.00, representing eleven monthly
payments of $60.00 each.

 On October 15, 1992, evidence and argument were heard on the motion for
enforcement and, on December 1, 1992, the court rendered its "Order for Enforcement and
Contempt, Granting Judgment and Order Withholding from Earnings for Unpaid Child Support"
("Enforcement Order"). Kanetzky was found in contempt of court for failing to timely pay
Murphy the full amount of child support arrearage payments as they were due between November
1, 1991, and June 1, 1992, (8 separate payments). The trial court also assessed attorney's fees
and costs in the amount of $814.00 against Kanetzky.

 Kanetzky appeals from the district court's Enforcement Order, contending that the
court erred in finding him in contempt and rendering the Enforcement Order because the Agreed
Order is unclear, nonspecific, and ambiguous. Kanetzky also complains that attorney's fees and
costs should not have been assessed against him.



DISCUSSION



 It is well-settled law that appellate courts of this state are without the power to
review contempt proceedings through direct appeal. See Wagner v. Warnasch, 295 S.W.2d 890,
893 (Tex. 1956); Garrison v. Garrison, 544 S.W.2d 797, 799 (Tex. Civ. App.--Austin 1977, writ
ref'd n.r.e.). The only procedure by which a contempt order may be reviewed is in an original
proceeding considering a petition for writ of habeas corpus. Wagner, 295 S.W.2d at 893. 
Accordingly, we will not review Kanetzky's challenge to the portion of the Enforcement Order (1)
finding him in contempt. However, we will not dismiss the appeal because portions of the order,
other than the finding of contempt, are appealable. See Gawlik v. Gawlik, 707 S.W.2d 256, 257-58 (Tex. Civ. App.--Austin 1977, writ ref'd n.r.e.); Holder v. Holder, 528 S.W.2d 113, 115 (Tex.
Civ. App.--Tyler 1975, no writ); Martin v. Martin, 519 S.W.2d 900, 902 (Tex. Civ.
App.--Houston [1st Dist] 1975, no writ). We will review the portions of the Enforcement Order
that do not involve the district court's finding of contempt. 

 Kanetzky argues that the underlying Agreed Order is unenforceable because it is
unclear, non-specific, and ambiguous. It is a generally accepted principle that a court order must
spell out the details of compliance in clear, specific and unambiguous terms so the person subject
to the order will readily know exactly what duties or obligations are imposed upon him. Ex parte
MacCallum, 807 S.W.2d 729, 730 (Tex. 1991); Ex parte Slavin, 412 S.W.2d 43, 44 (Tex. 1967).

 A court order is unenforceable, and thus insufficient to support a judgment, only
"if its interpretation requires inferences or conclusions about which reasonable persons might
differ." Ex parte MacCallum, 807 S.W.2d 729, 730 (Tex. 1991); Ex parte Graham, 787 S.W.2d
141 (Tex. App.--Houston [14th Dist.] 1990, orig. proceeding). In Graham, the court applied this
reasonable person standard in determining whether the underlying court order was ambiguous. 
The court found in Graham that the relator was given adequate notice of his obligations even
though no payee, due date, or amount was specified in an order that required him to make
monthly mortgage payments on a home occupied by his former spouse. Id. at 143. Graham was
premised on the fact that a reasonable person in the relator's position would know the details of
the house payments or could determine them with minimal inquiry. Id. The court held that the
underlying order could be construed in only one way and had only one meaning. Id.

 In the present case, the language contained in the Agreed Order is clear and
specific. The Agreed Order sets out the exact payment schedule and the amount that Kanetzky
must pay. It is clear that Murphy is the payee, the payments are due on the first day of each
month, the amount of each payment is $60.00, and payments must be made until the $2,100.00
judgment is paid in full. Thus, the order is clear, specific and unambiguous. See Ex Parte
Gorena, 595 S.W.2d 841 (Tex. 1979).

 Kanetzky further argues that the Agreed Order is unenforceable because it is not
phrased as a command and so is merely a declaration of rights. A similar argument was made in
Ex parte Nash, 595 S.W.2d 571, 572 (Tex. Civ. App.--San Antonio 1979, orig. proceeding). 
However, in Nash the problem with the underlying order was that it merely stated that the mother
was entitled to possession of the children, but did not direct any specific person to take any
specific action. The court in Nash held that the order did not impose any duties on the relator. 
Id. In the present case, the Agreed Order sets forth Kanetzky's duties and responsibilities and
directs Kanetzky to pay the unpaid child support to Murphy in monthly installments. 

 Kanetzky's argument also closely resembles the losing argument set forth by the
relator in Ex parte Johns, 807 S.W.2d 768 (Tex. App.--Dallas 1991, orig. proceeding). In Johns,
the relator argued that a divorce decree was insufficient to sustain a motion for contempt because
it was merely directive. Id. at 773. The language in the original decree of divorce provided that
he "shall pay" child support. (2) The relator argued that this was not a command and thus the order
was unenforceable. The court held that this argument was without legal merit and that the decree
"orders" that relator "shall" pay child support. The order in the decree was a command directed
to the relator; it was not merely a declaration of the occurrence of an event in which he might be
involved. Id. Therefore, based upon the rationales and holdings of the foregoing authorities, we
conclude that the Agreed Order in the present case specifically commands Kanetzky to make
payments to Murphy.

 Kanetzky further contends that because the Agreed Order reflects an agreement
reached between the parties, it is unenforceable by the court. We disagree. Even when an order
reflects an agreement reached between the parties, the fact that it is sanctioned by the court in the
form of an order renders it enforceable by the court. See Pettitt v. Pettitt, 704 S.W.2d 921 (Tex.
App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.) (holding that property settlement agreement
incorporated into divorce decree entered by the court was enforceable by the court). For example,
despite the fact that a judgment has its genesis in an agreement between the parties, the judgment
itself has an independent status. Ex parte Gorena, 595 S.W.2d 841, 844 (Tex. 1979). "The fact
that a judgment is rendered by consent gives it neither less nor greater force or effect than it
would have had it been rendered after protracted litigation, except to the extent that the consent
excuses error and operates to end all controversy between the parties." Id. Therefore, the Agreed
Order rendered by the court on October 1, 1991, is enforceable by the court. The first part of
Kanetzky's point of error is overruled.

 Kanetzky argues that because he should not have been held in contempt, it follows
that no attorney's fees should have been awarded. However, this court recognizes that "[t]he
authority to allow attorney fees against a person in default in paying child support depends not on
whether the court actually holds such person in contempt but on whether the person is in default." 
Sandford v. Sandford, 732 S.W.2d 449, 451 (Tex. App.--Dallas 1987, no writ). Kanetzky was
seriously delinquent in paying child support for the medical expenses of his children and,
therefore, even if he had not been found in contempt, he would be responsible for the attorney's
fees and costs related to the enforcement action. See Tex. Fam. Code Ann. § 14.33(b) (West
Supp. 1993) (court may issue order for attorney's fees in any enforcement proceeding). The
second part of Kanetzky's point of error is overruled.



CONCLUSION



 Finding no error, we affirm the judgment of the district court.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: October 20, 1993

Do Not Publish

1.   The Enforcement Order is comprised of three distinct portions. First, the district
court holds Kanetzky in contempt for not complying with the Agreed Order. Second, the
district court orders that Kanetzky pay Murphy $27.60 in accrued interest on the arrearage
and $814.00 in attorney's fees and costs. Third, the court orders that Kanetzky's wages be
garnished until the remaining sum due on the arrearage is paid. 
2. [2]  The text of the divorce decree in Johns stated in pertinent part:


. . . and it is accordingly ORDERED THAT: . . . 5. Relator shall pay as
contribution to the support of the parties' minor children, to Petitioner, through the
Offices of the Dallas County Government Center, Dallas, Texas, $529.50 per child
per month (which includes $29.50 for health care insurance), in two equal
installments per month, with the first installment due on November 1, 1981, and a
like installment due on each 15th and 1st day of the month thereafter, and reasonable
and necessary, non-elective medical care for said children until a child with respect
to whom payments are being made reaches 18 years of age, dies . . . .


Ex parte Johns, 807 S.W.2d at 773.